UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:14-cr-20599-12
Case No. 2:18-cr-20638-01

v.

HONORABLE STEPHEN J. MURPHY, III

WAYNE SCOTT SIMPSON,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S
MOTIONS FOR MODIFICATION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582 [14-20599, ECF 676; 18-20638, ECF 18]**

In 2015, Defendant Wayne Scott Simson pleaded guilty to one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, for his involvement in an international fraudulent telemarketing ring centered in Detroit, Michigan. 14-20599, ECF 171. The Court permitted him to go to Florida on bond pending his sentencing hearing. 14-20599, ECF 81, PgID 356. While on bond in Florida, Defendant participated in a different fraudulent telemarketing ring and, in 2018, pleaded guilty to another count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349. 18-20638, ECF 8. He was sentenced to a combined sentence of 63 months' imprisonment on both counts. *See* 14-20599, ECF 654; 18-20638, ECF 17.

On May 11, 2020, Defendant filed, on both dockets, identical motions for a reduction of his sentences pursuant to the First Step Act's compassionate release provision, 18 U.S.C. § 3582. 14-20599, ECF 676; 18-20638, ECF 18. Defendant

1

represented that he is particularly susceptible to COVID-19 because his immune system is weakened from various surgeries he has had over the last 20 years. 14-20599, ECF 676, PgID 3727; 18-20638, ECF 18, PgID 88. The Government opposed Defendant's request. 14-20599, ECF 681; 18-20638, ECF 19.

For compassionate release, Defendant must demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides some guidance about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. Those reasons are classified in four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three categories. *Id.* at cmt. n.1.

Here, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his release. Defendant is 49 years old and argued that his various past surgeries have caused him to have a weakened immune system. 14-20599, ECF 676, PgID 3727; 18-20638, ECF 18, PgID 88. But his medical records did not show any signs of a weakened immune system and indicated that he has no chronic underlying medical conditions. 14-20599, ECF 681-4; 18-20638, ECF 19-4. Defendant is not categorized as high risk. *See Groups at Higher Risk from Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

And even if Defendant's immune system is weakened, that alone is insufficient to warrant early release under the compassionate release standard. Defendant is 16

years younger than the CDC's classification of adults who are at a higher risk of COVID-19 complications. Compassionate release is proper "only upon a finding of numerous and severe medical conditions that place [Defendant] at a significantly higher risk for severe illness from COVID-19." *United States v. Alzand*, No. 18-cr-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020) (collecting cases). The Court will therefore deny the motion.

Defendant also seemingly requested that the Court order that he be placed on home confinement for the remainder of his sentence. 14-20599, ECF 676, PgID 3728; 18-20638, ECF 18, PgID 89. But following judgment, the specifics relating to how Defendant serves his sentence is out of the Court's jurisdiction and left to the Bureau of Prisons ("BOP"). The authority to place a prisoner on home confinement is squarely allocated to the BOP. 18 U.S.C. § 3624(c). And although the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") "lengthen[s] the maximum amount of time for which [the BOP] is authorized to place a prisoner in home confinement" under § 3624(c)(2), it does not alter who has the authority to make that determination. CARES Act § 12003(b)(2) (enacted Mar. 27, 2020). Defendant's request is therefore not properly before the Court.

The BOP is taking steps to "assess[] its entire prison population to determine which inmates face the most risk from [COVID-19], pose the least danger to public safety, and can safely be granted home confinement." *See* 14-20599, ECF 681, PgID 3750; 18-20638, ECF 19, PgID 104. And as the entity that has seen its inmates' behavior during their confinement firsthand and that is present in the prisons to see

3

how the COVID-19 pandemic is progressing and affecting each facility on a day-to-day basis, the BOP is better situated to make those determinations.

Furthermore, Defendant is not a proper candidate for home confinement. The CARES Act does not provide guidance for determining who may be placed on home confinement, but the Attorney General issued a memorandum that outlined factors to consider, including the "age and vulnerability of the inmate to COVID-19," whether home confinement would increase or decrease the inmate's risk of contracting COVID-19, and public safety. Memorandum from William Barr, Attorney Gen., U.S. Dep't of Justice, on Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf.

Here, as mentioned above, Defendant is only 49 years and has no medical conditions that place him at high risk. And Defendant is vulnerable to exposure to COVID-19 both inside and outside prison—he may even be safer within FTC Oklahoma City than under home confinement in Florida, a state still facing significant community spread of the virus. The BOP has implemented a series of actions to combat exposure to and the spread of COVID-19, including prohibiting outside visitors into the facility, suspending inmate movement, screening inmates and staff, and providing additional staff training. *See BOP Implementing Modified Operations*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_status.jsp. Finally, Defendant's criminal history and prison disciplinary record indicate that he poses a danger to the community if released prior to serving

his entire sentence. The factors therefore weigh against permitting Defendant to serve the remainder of his sentence on home confinement.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motions for modification of sentence pursuant to 18 U.S.C. § 3582 [14-20599, ECF 676; 18-20638, ECF 18] are **DENIED**.

**SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: June 25, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 25, 2020, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager